97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James R. HENSHER, Defendant-Appellant.
 No. 92-16664.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Aug. 17, 1995.
Submitted Sept. 23, 1996.
Decided Sept. 23, 1996.
 
 1
 Before: KOZINSKI and NOONAN, Circuit Judges, and BREWSTER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 On August 17, 1995, we deferred submission to permit the parties to settle with the aid of the Appellate Commissioner. Nine months later, on May 20, 1996, the Appellate Commissioner advised us that settlement efforts were not successful. We therefore order the case submitted and proceed to decide it.
 
 
 4
 To prove that he was not trespassing on National Forest Service lands, Hensher had to show that his occupancy was authorized by law. For the reasons explained below, Hensher failed to raise a genuine issue of material fact as to his right to occupy the land. The district court therefore properly granted the government's motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).
 
 
 5
 1. A certificate of eligibility is proof of membership in an Indian tribe; it does not award rights to a particular tract of land. Only the Secretary of Agriculture may make such an allotment. United States v. Kent, 945 F.2d 1441, 1445 n. 5 (9th Cir.1991). Thus, the fact that Hensher holds a certificate of eligibility does not give him rights in the land.
 
 
 6
 2. Under the Forest Allotment Act of 1910, 25 U.S.C. § 337, the value of the timber on the land is a threshold issue when an allotment application is considered. If the timber value is greater than the agricultural or grazing value, the application must be denied. 25 U.S.C. § 337. The Bureau of Land Management denied Hensher's allotment application based on the Forest Service's finding that the land was more valuable for timber than for agricultural purposes. Because this determination was supported by the record, the allotment application was properly denied. Cf. Saulque v. United States, 663 F.2d 968, 975 (9th Cir.1981) (denying plaintiff's application for an Indian allotment under the General Allotment Act of 1887).
 
 
 7
 3. To establish that his occupancy was protected by individual aboriginal title, Hensher needed to prove that his "lineal ancestors held and occupied, as individuals, a particular tract of land, to the exclusion of all others, from time immemorial, and that this title had never been extinguished." United States v. Dann, 873 F.2d 1189, 1196 (9th Cir.) (emphasis in original), cert. denied, 483 U.S. 890 (1989). Hensher did not meet this burden.
 
 
 8
 4. Hensher proffered several statements that were held inadmissible by the district court. Had these statements been admitted, they would not have established continuous and exclusive occupancy. Id. Any error in excluding them was therefore harmless.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3